## Ruffner *v.* Wolfe.

*Question for jury—Submission contrary to plaintiff's theory and proof.*
   Where the issue presented by the plaintiff was that the note sued upon
was signed by defendant personally, it was error to submit to the jury the
question whether the signature was put upon the note by authority, there
being no sufficient evidence of authority and it being in contradiction of
the plaintiff's own theory and proof that the signature was genuine and
original.

   Argued May 15, 1900.    Appeal, No. 167, April T., 1900, by
D. E. Wolfe, in the suit of Peter Ruffner, for use of Henry
Miller, against D. E. Wolfe, per Beatty, from judgment of C. P.
Armstrong Co., June T., 1887, No. 228, in favor of plaintiff.
Before Rice, P. J., Beaver, Orlady, W. W. Porter and
W. D. Porter, JJ.    Reversed.    Opinion by W. W. Porter, J.

   Assumpsit.    Before Rayburn, P. J.
   It appears from the record that this action arose on a judg-
ment note signed D. E. Wolfe, per Beatty, which had been
duly entered up by plaintiff.    Subsequently the judgment was
opened and defendant let into a defense.

   The court charged the jury in part as follows :
   [But if you would find as a fact that this signature to the
note in suit was not written by D. E. Wolfe, but you would
find the fact that he was present at the time that this note
was given and the money received, and authorized the borrow-
ing of the money and authorized the signing of his name to
this note, then you would have to find also in favor of the
plaintiff.    But if you would find—if Mr. Wolfe was not present
at all, never signed this note, or never authorized the signing
of it, why then it would be your duty to find a verdict in his
favor.] [3]

   Verdict and judgment for plaintiff for $202.50.    Defendant
appealed.

   *Error assigned* among others was (3) to a portion of the
judge's charge, reciting same.

*Orr Buffington,* for appellant.—The issue in the case was, Did the defendant sign the note in suit? Miller testified Wolfe was present and signed the note. Plaintiff presented a so-called expert to prove that the signature was Wolfe's. Mrs. Aarons was called to prove that Mr. Wolfe was present, signed the note and got the money. Mr. Wolfe denied the signature— the issue was simply signature against no signature—and yet the charge of the court introduces to the jury an unheard of, unevidenced and unargued question of delegated authority to some unknown person to put Wolfe's name on the note. Miller testified Wolfe signed the note; the court tells the jury that perhaps Miller has not told the truth or that plaintiff's expert may be mistaken and that although they may thus find all of plaintiff's testimony to be untrue, yet upon the hazy idea of authorization—or delegated authority—the defendant may be forced to pay the unknown's debt and be given the reputation of a criminal.

*M. F. Leason,* for appellee.—This case involved one question of fact and that was the execution of the note in suit. Who was it signed the name D. E. Wolfe, per Beatty, and by whose authority was it done? This question was fairly submitted to the jury by the court below and the verdict decided the question upon the evidence.

It is complained that the suggestion in the charge that Mr. Wolfe would be responsible on the note, if he there, in the presence of Miller and at the time of the execution of the note, allowed Beatty to sign his name for him. If he did so, it was an imposition upon Henry Miller, whose credit, apparently, procured the loan, and upon Ruffner. Miller testified that Wolfe signed the note, he saw him at the table and saw him writing. Having determined on his part in the transaction, to wit: that he would lend his credit to his friends, Wolfe and Beatty, he took little interest in the transaction further than to see that the note was for $100.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The issue tried in this case was not whether the name of D. E. Wolfe was put upon the note by another by authority, but whether Wolfe himself signed it. It seems to have been signed

" D. E. Wolfe, per Beatty." At first glance it would appear that the signature did not purport to be the original signature of Wolfe. The direct testimony submitted on behalf of the plaintiff was, however, that the signature was in fact Wolfe's own. The testimony for the defendant was that he did not sign the paper; that he did not procure the loan; and that the signature was not his. There was some evidence that the defendant, Wolfe, had been the owner of a store, of which he permitted Beatty, his father-in-law, to take charge. This did not tend to support the issue presented by the plaintiff, that the signature was Wolfe's, but rather was it in contradiction, if it be regarded as evidence of authority given to another to sign the name to the note. Under these circumstances, we are of opinion that the learned judge erred in permitting the jury to determine whether the signature was put upon the note by authority. There was no sufficient evidence of authority. It was in contradiction of the plaintiff's own theory and proof that the signature was original and genuine. The case must, therefore, be retried. The issue submitted to the jury must be limited to that presented by the evidence adduced. We sustain the third assignment of error without further discussion of the remaining assignments, the substance of most of which is not likely to appear upon a second trial, in which a more adequate and accurate statement of the issue and proofs will doubtless be submitted to the jury, as herein indicated.

The judgment is reversed and a venire facias de novo is awarded.